**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS A. GOONAN, Regional Director of the Fourth Region of the NATIONAL LABOR RELATIONS BOARD, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, | |
| Petitioner, | Civil No.    1:21-cv-11773 |
| v. | |
| AMERINOX PROCESSING, INC., | |
| Respondent. | |

**PETITION FOR INJUNCTION UNDER SECTION 10(j)**
**OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED**

To the Honorable, the Judges of the United States District Court for the District of New Jersey:

Comes now, Thomas A. Goonan, Regional Director of the Fourth Region of the National Labor Relations Board (herein called the Board), and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended (29 U.S.C. Sec. 160(j)); (herein called the Act), for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board on charges alleging that Amerinox Processing, Inc. (herein called Respondent), has engaged in, and is engaging in, acts and conduct in

violation of Section 8(a)(1) and (3) of the Act. In support thereof, Petitioner respectfully shows as follows:

1.      Petitioner is the Regional Director of the Fourth Region of the Board, an agency of the United States, and files this Petition for and on behalf of the Board.

2.      Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

3.      (a)      On October 30, 2020, the International Association of Sheet Metal, Air, Rail & Transportation Workers, Sheet Metal Workers Local 19 (herein called the Union), pursuant to the provisions of the Act, filed a charge with the Board in Case 04-CA-268380 alleging that Respondent, an employer within the meaning of Section 2(2) of the Act, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) of the Act.  A copy of the charge in Case 04-CA-268380 is attached hereto as Exhibit 1 and made a part hereof.

(b)      On October 30, 2020, the Union filed a charge in Case 04-CA-268398, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act.  A copy of the charge in Case 04-CA-268398 is attached hereto as Exhibit 2 and made a part hereof.

(c)      On February 1, 2021, the Union, pursuant to the provisions of the Act, filed a charge in Case 04-CA-272035, alleging that Respondent, an employer within the meaning of Section 2(2) of the Act, has engaged in, and is engaging in,

unfair labor practices within the meaning of Section 8(a)(1) of the Act. A copy of the charge in Case 04-CA-272035 is attached hereto as Exhibit 3 and made a part hereof.

4.     On April 8, 2021, based upon the charges in Cases 04-CA-268380 et al. referred to above in paragraph 3, the Acting General Counsel of the Board, on behalf of the Board, by Petitioner, issued an Order Further Consolidating Cases, Amended Consolidated Complaint and Notice of Hearing (herein the Complaint), alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act.  A copy of the Complaint is attached hereto as Exhibit 4 and made a part hereof.  On May 5, 2021 this matter was heard before an administrative law judge of the National Labor Relations Board.

5.     There is reasonable cause to believe that the allegations set forth in the Complaint are true, and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act. More particularly, in support thereof, and of the request for injunctive relief herein, Petitioner, upon information and belief, shows as follows:

(a)     At all material times, Respondent has been a corporation with an office and place of business in Camden, New Jersey (the Facility), and has been engaged in the processing of steel and aluminum.

3

(b)     During the past 12 months, Respondent, in conducting its operations described above in subparagraph (a), sold and shipped from the Facility goods valued in excess of $50,000 directly to customers outside the State of New Jersey .

(c)     At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

(d)     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(e)     At all material times, the following individuals held the positions with Respondent set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Seth Young | - | President |
| Max Young | - | Human Resources Coordinator |
| Bob Carter | - | Chief Financial Officer |
| Chuck Hahn | - | Plant Manager |
| Stacy Schmidt | - | Assistant Plant Manager |
| Chris Fagan | - | Vice-President of Sales |
| Daniel Graner | - | Supervisor |
| Joe Wilson | - | Supervisor |

(f)     About June 2020, a more precise date being unknown to the Acting General Counsel, Respondent, by Seth Young, in the Facility, told an employee that employees were not permitted to talk about the Union during working

time, although Respondent permitted employees to talk about other nonwork topics during working time.

      (g)   (1)   About October 19, 2020, Respondent discharged its employees Kyle George and Miguel "Taz" Gonzalez.

      (2)   Respondent engaged in the conduct described above in subparagraph (g)(1) because Kyle George and Miguel "Taz" Gonzalez formed, joined, or assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

      (h)   (1)   About October 19, 2020, Respondent laid off its employees Andrew Rodriguez, Joseph Soto, Keon Smith, and Bernard Venable.

      (2)   Respondent engaged in the conduct described above in subparagraph (h)(1) because Respondent's employees formed, joined, or assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

      (i)   By the conduct described above in subparagraph (f), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

      (j)   By the conduct described above in subparagraphs (g) and (h), Respondent has been discriminating in regard to the hire or tenure or terms or

conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(k)     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

6.     Upon information and belief, it may be fairly anticipated that, unless restrained, Respondent will continue its aforesaid unlawful acts and conduct in violation of Section 8(a)(1) and (3) of the Act.

7.     Upon information and belief, unless the continuation or repetition of the above described unfair labor practices is restrained, a serious failure of enforcement of important provisions of the Act, and of the public policy embodied in the Act, will result before an ultimate order of the Board can issue.

8.     Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate, just and proper, for the purposes of effectuating the policies of the Act and of avoiding substantial, irreparable and immediate injury to such policies, to employees, and to the public interest, and in accordance with Section 10(j) of the Act, that, pending the final disposition of the matters involved herein pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct described herein, similar or related acts or conduct or repetitions thereof.

WHEREFORE, Petitioner prays:

1.      That the Court enter an order directing Respondent, Amerinox Processing, Inc., to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns and all persons acting in concert or participation with it or them, pending final disposition of the matters involved herein pending before the Board, from:

(a)     Discharging, laying off, or otherwise discriminating against employees because of employees' support  for the Union;

(b)     Informing employees that it will retaliate against employees because of their support for the Union;

(c)     Prohibiting employees from discussing a union during working time while permitting them to discuss other subjects unrelated to work; and

(d)     In any other manner, interfering with, restraining or coercing employees in the exercise of the rights guaranteed in Section 7 of the Act.

2.      That the Court enter an order directing Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns and all persons acting in concert or participation with it or them, pending final disposition of the matters involved herein pending before the Board, to:

(a)    Within 5 days of the Court's Order, offer immediate reinstatement to Respondent's employees Miguel Gonzalez, Andrew Rodriguez, Keon Smith, Joseph Soto, and Bernard Venable to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights and privileges previously enjoyed;

(b)    Within 10 days of the Court's Order, (i) hold a mandatory employee meeting or meetings, on working time and at times when Respondent customarily holds employee meetings, and scheduled to ensure the widest possible employee attendance, at which the District Court's Order will be read to employees in English and Spanish, by a responsible management representative of Respondent in the presence of a Board agent via ZOOM/video conference or in a manner and location otherwise ordered by the Regional Director of the Fourth Region of the Board; or, at Respondent's option, have a Board agent read the Order via ZOOM/video conference or in a manner and location otherwise ordered by the Regional Director in the presence of a responsible management representative of Respondent; (ii) announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting of employees; (iii) require that all employees at the facility involved in this proceeding attend the meeting(s); and (iv) have the prior approval of the Regional Director of the time and date of the meeting or meetings for the reading of the Court's Order and the Regional Director's approval

of the content and method of the announcement to employees of the reading of the Court's Order;

   (c) Supply the Union, upon its request, with the full names, work locations, shifts, job classifications and home addresses for the following employees: All full-time and regular part-time shipping/receiving employees, production and maintenance employees employed by Respondent at its 2201 Mount Ephraim Avenue, Camden, New Jersey facility;

   (d) Within 5 days of the Court's Order, post copies of the District Court's Order in English and Spanish at Respondent's Camden, New Jersey facility in all locations where notices to employees customarily are posted; maintain these postings during the Board's administrative proceeding free from all obstructions and defacements;

   (e) Within 20 days of the issuance of the District Court's Order, file with the District Court, with a copy served upon Petitioner, a sworn affidavit from a responsible official of Respondent, setting forth with specificity the manner in which Respondent has complied with the Court's Order including the location(s) of the posting required by the Order.

  3. That upon return of the order to show cause, the Court issue an order enjoining and restraining Respondent in the manner set forth above.

4.      That the Court grant such further and other relief as may be just and proper.

Signed at Philadelphia, Pennsylvania this _26th day of  May, 2021.

s/ Thomas A. Goonan

**THOMAS A. GOONAN**
Regional Director, Region Four
National Labor Relations Board

PETER S. OHR.
        Acting General Counsel

RICHARD BOCK
        Associate General Counsel

RICHARD P. HELLER,
        Regional Attorney, Region Four

 s/ Lea F. Alvo-Sadiky
LEA F. ALVO-SADIKY
Attorney for the Petitioner
National Labor Relations Board, Region Four
100 Penn Square East, Suite 403
Philadelphia, Pennsylvania 19107
Telephone: 215-597-7630
Fax (215) 597-7658
lea.alvo-sadiky@nlrb.gov

 s/ Alvina Swati
ALVINA SWATI
Attorney for the Petitioner
National Labor Relations Board, Region Four
100 Penn Square East, Suite 403
Philadelphia, Pennsylvania 19106
Telephone: 215-597-4003
Fax (215) 597-7658
alvina.swati@nlrb.gov